**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No. 2:15-cv-01730-RWJ-RSP** |
| | § | |
| **v.** | § | **CONSOLIDATED LEAD CASE** |
| | § | |
| **RAKUTEN COMMERCE, LLC d/b/a** | § | **JURY TRIAL DEMANDED** |
| **RAKUTEN.COM, *et al.,*** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER**
**AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO**
**PLAINTIFF'S AMENDED COMPLAINT, AND JURY DEMAND**

Defendant Home Depot U.S.A., Inc.[1] ("Home Depot" or "Defendant") hereby files its

Answer and Affirmative and Additional Defenses to Plaintiff CryptoPeak Solutions, LLC's

("CryptoPeak" or "Plaintiff") Amended Complaint filed November 30, 2015 (the "Complaint").

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation

contained in the Complaint.

## PARTIES AND JURISDICTION

1.      Defendant admits that the Complaint purports to allege an action arising under the

patent laws of the United States.  Defendant denies that Plaintiff is entitled to injunctive relief or

any other relief.

---

[1] Home Depot U.S.A., Inc. has been substituted in for The Home Depot, Inc. as the named defendant in the litigation, and Homer TLC, Inc. has been dismissed. *See* D.I. 25. Accordingly, all responses are provided on behalf of Home Depot U.S.A., Inc. Any allegations with respect to The Home Depot, Inc. and/or Homer TLC Inc. are expressly denied.

2.      The allegations of Paragraph 2 of the Complaint contain legal conclusions to which no response of Defendant is required.  To the extent this paragraph is construed to contain factual allegations requiring a response, they are denied.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies the same.

4.      The Home Depot, Inc. has been substituted out of this case for Home Depot U.S.A., Inc. and is no longer a party in this action pursuant to the Court's order entered on September 28, 2016.  Accordingly, any allegations with respect to The Home Depot, Inc. are expressly denied.  With respect to Home Depot U.S.A., Inc., Home Depot admits the allegations of Paragraph 4 of the Complaint.

5.      Homer TLC, Inc. has been dismissed and is no longer a party to action pursuant to the Court's order entered on September 28, 2016.  Accordingly, any allegations with respect to Homer TLC, Inc. are expressly denied.

6.      The allegations of Paragraph 6 of the Complaint contain conclusions to which no response of Defendant is required.

7.      Defendant admits it conducts certain business in the State of Texas and this district.  The remaining allegations of Paragraph 7 of the Complaint contain legal conclusions to which no response of Defendant is required.  To the extent this paragraph is construed to contain other factual allegations requiring a response, they are denied.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## **VENUE**

9.      Defendant expressly denies that it has infringed the patent-in-suit.  Defendant denies that this district is the most convenient or otherwise appropriate forum for adjudication of

this action.  The remaining allegations of Paragraph 9 of the Complaint contain legal conclusions to which no response of Defendant is required.  To the extent this paragraph is construed to contain other factual allegations requiring a response, they are denied.

### COUNT I
### (INFRINGEMENT OF CERTAIN CLAIMS OF U.S. PATENT NO. 6,202,150)

**General Allegations**

10.     Defendant incorporates its responses to Paragraphs 1-9 of the Complaint herein.

11.     Defendant admits that the Complaint purports to allege an action arising under the patent laws of the United States but denies any liability thereunder.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies the same.

13.     Defendant admits that a copy of what purports to be U.S. Patent No. 6,202,150 (the "'150 patent") is attached as Exhibit A to the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

**Factual Background Related to the Inventors and the '150 Patent**

15.     Defendant admits that the application resulting in the '150 Patent is indicated on the face of the '150 Patent as having been filed on May 28, 1997 and that the '150 Patent lists Adam Lucas Young and Marcel Mordechay Yung as inventors.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and therefore denies the same.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies the same.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies the same.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies the same.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies the same.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies the same.

**Allegations of Direct Infringement**

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant admits that Plaintiff has limited the asserted claims of the '150 Patent in this case to Claims 1, 2, 3, 4 and 17 and has defined those claims in the Complaint as the "Potentially Asserted Claims."  Defendant further admits that the Complaint purports to allege direct infringement of one or more of those claims but Defendant denies such allegations and that such allegations have been properly pled.  Defendant denies the remaining allegations of Paragraph 22 of the Complaint.

23.     Defendant admits that Plaintiff has pled and represented that it does not and will not in the future assert Claims 5 through 16 and Claims 18 through 59 against Defendant and that Plaintiff has defined such claims in the Complaint as the "Unasserted Claims."

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

**Irreparable Harm**

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

**<u>DEMAND FOR JURY TRIAL</u>**

Defendant admits that Plaintiff purports to demand a jury trial.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, or to any relief whatsoever in connection with the patent-in-suit.

## DEFENDANT'S AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant asserts the following affirmative and additional defenses to the allegations in the Complaint:

### First Defense

CryptoPeak's claims are barred wholly or in part because CryptoPeak has failed to state a cause of action for which relief can be granted.

### Second Defense

Defendant has not directly or indirectly literally infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe, any valid and enforceable claim of the patent-in-suit.

### Third Defense

The patent-in-suit is invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation § 101.  More specifically, the patent-in-suit is invalid for failing to claim patentable subject matter.

### Fourth Defense

The patent-in-suit is invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation, §§ 102 and/or 103, in light of prior art predating the applicable priority date of the patent-in-suit.

### Fifth Defense

The patent-in-suit is invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation, §§ 112, because its claims fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.

### Sixth Defense

CryptoPeak's claims are barred, in whole or in part, by operation of the doctrines of laches, estoppel, waiver, and/or unclean hands.

### Seventh Defense

CryptoPeak's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and 287.  Among other things, CryptoPeak's claims for damages for patent infringement are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### Eighth Defense

CryptoPeak is barred from recovering any costs under 35 U.S.C. § 288.

### Ninth Defense

To the extent assignment of the patent-in-suit was not effected prior to the commencement of the instant action, CryptoPeak's claims are barred wholly or in part as a consequence of CryptoPeak's lack of standing to bring its claims of patent infringement.

### Tenth Defense

CryptoPeak is estopped wholly or in part from claiming infringement by Defendant of the patent-in-suit alleged as a consequence of the proceedings in the United States Patent & Trademark Office during the prosecution of the application that resulted in the alleged issuance of the patent claimed or sought by CryptoPeak.

**Eleventh Defense**

Defendant has engaged in all of its activities in good faith, and CryptoPeak cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendant pursuant to 28 U.S.C. § 285.

**Twelfth Defense**

CryptoPeak is not entitled to injunctive relief because any alleged injury to CryptoPeak is not immediate or irreparable, and CryptoPeak has an adequate remedy, if any, at law.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert any additional defenses in the event that discovery or further investigation reveals the existence of such defenses.

**JURY DEMAND**

Defendant requests a jury trial on all claims and defenses so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests judgment in its favor and against CryptoPeak as follows:

(i)     Plaintiff recover nothing and its Complaint be dismissed with prejudice;

(ii)    The Court declare that Defendant has not infringed and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any claim of the patent-in-suit;

(iii)   The Court declare and order that the patent-in-suit is invalid and/or unenforceable;

(iv)    That Plaintiff's request for injunctive relief against Defendant be denied;

(v)     The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Defendant its reasonable attorneys' fees in this action;

(vi)     All costs be taxed against CryptoPeak; and

(vii)    Defendant be granted such other and further relief as the Court deems just and

proper.

Dated: October 13, 2016                    Respectfully submitted,

/s/ Nicholas G. Papastavros
Nicholas G. Papastavros
Massachusetts State Bar No. BBO635742
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Telephone:     617.406.6000
Facsimile:     617.406.6119
nick.papastavros@dlapiper.com

**ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.**


## CERTIFICATE OF SERVICE

The undersigned certifies that on October 13, 2016, all counsel of record who are deemed

to have consented to electronic service are being served with a copy of this document through the

Court's CM/ECF system under Local Rule CV-5(a)(3).

/s/ Nicholas G. Papastavros
Nicholas G. Papastavros